J-S27041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS EUGENE SMITH | : | |
| | : | |
| Appellant | : | No. 935 WDA 2020 |

Appeal from the PCRA Order Entered August 21, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No: CP-02-CR-0002575-2011

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JUNE 28, 2022**

Appellant, Marcus Eugene Smith, appeals from the order of the Court of Common Pleas of Allegheny County, entered August 21, 2020, that denied his second petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. Additionally, PCRA counsel has filed an application to withdraw and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).[2] We

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] We note that PCRA counsel styled his no-merit letter as a brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967). This Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter because it provides defendant greater protections. **See Commonwealth v. Widgins**, 29 A.3d 816, n.2 (Pa. Super. 2011); **see also Commonwealth v. Fusselman,** 866 A.3d 1109, n.3 (Pa. Super. 2004) ("A **Turner**/**Finley** no merit letter is the appropriate filing.
*(Footnote Continued Next Page)*

affirm the PCRA court's order and grant PCRA counsel's application to withdraw.

The facts underlying this appeal were outlined in this Court's memorandum decision in Appellant's direct appeal. *Commonwealth v. Smith*, No. 311 WDA 2013, 2014 WL 10790088 (Pa. Super. filed Oct. 14, 2014) (unpublished memorandum). On August 23, 2012, a jury convicted Appellant of first-degree murder, possession of a firearm with manufacturer number altered, and two counts of prohibited offensive weapon[3] related to the February 12, 2011 killing of Dane Smith (the victim). Additionally, two counts of possession of a firearm by prohibited person were severed before trial and the trial court found Appellant guilty of both counts.[4] On October 3, 2012, the trial court sentenced Appellant to an aggregate sentence of life in prison without the possibility of parole, plus 3 to 6 years' incarceration to run consecutive to the life sentence.

Appellant filed a direct appeal and this Court affirmed his judgment of sentence. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Smith*, 114 A.3d 416 (Pa. 2015) (per curiam order). On February 26, 2016, Appellant filed his first PCRA

_____

However, because an *Anders* brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter."). We refer to PCRA counsel's filing as a no merit letter in this memorandum.

[3] 18 Pa.C.S. §§ 2502(a), 6110.2(a), and 908, respectively.

[4] 18 Pa.C.S. § 6105.

petition. The PCRA court denied Appellant's petition. Appellant's appeal to this Court was dismissed for failure to comply with Pa.R.A.P. 3517.[5]

On August 30, 2018, Appellant, *pro se*, filed his second PCRA petition, which is at issue in this appeal. Appellant alleged that his petition is timely due to the newly discovered fact that the lead Detective in his case, Detective Margaret Sherwood, has been indicted on criminal charges. PCRA Petition, 8/30/18. Appellant also alleged that relief is due based on constitutional violations, ineffective assistance of counsel, government interference, and after-discovered evidence. ***Id.*** The PCRA court appointed counsel to represent Appellant and ordered counsel to file an amended PCRA petition. Order, 10/22/18. PCRA counsel filed a petition to withdraw and a no merit letter on April 13, 2020.

The PCRA court granted counsel's motion to withdraw and entered its notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court determined,

> Petitioner filed this second *pro se* PCRA petition on August 30, 2018, which was filed well past the time any PCRA petition could be considered timely. . . . Petitioner's PCRA petition is time-barred, the Court lacks jurisdiction, and he is not entitled to relief.

Order, 7/27/20. Appellant did not file a response. On August 21, 2020, the PCRA court denied Appellant's petition.

---

[5] Pa.R.A.P. 3517 ("Failure to file a docketing statement may result in dismissal of the appeal.").

J-S27041-21

On September 2, 2020, Appellant filed this timely appeal.[6] On February 22, 2021, the PCRA court appointed new counsel to represent Appellant.[7] On July 6, 2021, PCRA counsel filed a no merit letter with this Court, along with a motion to withdraw as counsel.

The no merit letter raises the following issues for our review:

The Petitioner's PCRA Petition fell under an exception to the time limitation of the post-conviction relief act.

[Appellant] asserts that he is eligible for relief under 42 Pa.C.S. Section 9543(a)(2)(vi), based on the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

No Merit Letter, at 6.

First, we must address whether counsel's no merit letter has satisfied the requirements of *Turner*/*Finley*.

Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for

_____

[6] The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925(b). The PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a) on February 22, 2020 and directed this Court to its Rule 907 Notice, filed July 27, 2020, in lieu of an opinion.

[7] We note that appointment of counsel "is unnecessary and inappropriate" after a *Turner*/*Finley* "no-merit" letter is filed with the PCRA court and counsel is permitted to withdraw because the PCRA court agrees the issues are frivolous. *See Commonwealth v. Maple*, 559 A.2d 953, 955 (Pa. Super. 1989); *Commonwealth v. Williams*, 204 A.3d 489, 493 (Pa. Super. 2019). However, the court is permitted to "appoint counsel to represent a defendant whenever the interests of justice require it." *See* Pa.R.Crim.P. 904(E); *Commonwealth v. Shaw*, 217 A.3d 265, n.3 (Pa. Super. 2019). It is not clear from the record why the PCRA court appointed counsel to represent Appellant in this appeal.

- 4 -

withdrawing as counsel. . . . Counsel petitioning to withdraw from PCRA representation must proceed under . . . *Turner* . . . and *Finley* . . . and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Muzzy*, 141 A.3d 509, 510–11 (Pa. Super. 2016) (internal citations omitted) (some formatting).

Based on our review, we conclude that PCRA counsel has satisfied the technical demands of *Turner*/*Finley*. *See Id*. PCRA counsel "determined that the only issue of arguable merit preserved in the PCRA proceedings below was that [Appellant] is entitled to a new trial based on after-discovered evidence." No Merit Letter, at 34. PCRA counsel stated she "thoroughly researched and analyzed that issue[.]" *Id*. Additionally, "[u]pon conducting a searching review of the entire record, counsel did not find any non-frivolous, cognizable issues in addition to that raised by [Appellant]." *Id*. PCRA counsel listed the claims that Appellant wished to raise: that the PCRA petition is timely filed based on the newly discovered fact of Detective Sherwood's indictment, that Appellant is entitled to a new trial based on the after-discovered evidence

of Detective Sherwood's criminal charges and subsequent conviction, and that his claim that the trial court erred in not granting him additional defense investigative funds and not permitting him a continuance to locate a key witness at trial fell under the newly discovered fact timeliness exception. *Id*., at 35-37. Moreover, PCRA counsel concluded that these claims were either untimely or lacked merit. *Id.*

In addition, PCRA counsel has sent the following to Appellant: (1) a copy of the no merit letter, (2) a copy of her petition to withdraw, and (3) a statement advising Appellant that he has the immediate right to retain new counsel to pursue the appeal, proceed *pro se*, or raise additional points deemed worthy of the court's attention. **See** Letter from PCRA counsel to Appellant, 7/6/21.[8] Accordingly, we must conduct our own independent evaluation of the record to ascertain whether we agree with PCRA counsel that Appellant is not entitled to relief. **See Muzzy**, 141 A.3d at 511.

_____

[8] On September 10, 2021, Appellant filed what he titled an "Application to file docketing statement *nunc pro tunc* for purposes of notice of appeal." This application was forwarded to PCRA counsel pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011). On April 5, 2022, Appellant filed a "Motion to correct error," with this Court, stating that the September 10, 2021 filing was erroneously docketed and forwarded to PCRA counsel by this Court. Appellant informed this Court that the September 10, 2021 filing was intended to be his *pro se* response to PCRA counsel's no merit letter. We direct the Prothonotary of this Court to accept Appellant's September 10, 2021 filing and notate it on this Court's docket as Appellant's *pro se* response to PCRA counsel's no merit letter. Upon review of Appellant's *pro se* response, we note Appellant raised arguments related to his first PCRA appeal that was dismissed by this Court pursuant to Pa.R.A.P. 3517. Appellant does not raise any additional arguments relating to the PCRA petition at issue in this appeal.

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted). The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013) (citation omitted). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute. ***See*** 42 Pa.C.S. § 9545(b)(1).

The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[9]

Appellant's judgment of sentence became final on July 30, 2015. *See* 42 Pa.C.S. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review."); U.S. Sup.Ct.R. 13(1) ("A petition for a *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Appellant had one year thereafter to file a PCRA petition, until July 30, 2016. *See* 42 Pa.C.S. § 9545(b)(1). Appellant filed the current petition on August 30, 2018, two years late. Therefore, Appellant's petition was patently untimely.

---

[9] In Act 146 of 2018, the General Assembly changed the timeframe for asserting a timeliness exception under Section 9545(b)(2) from 60 days to one year, effective December 24, 2018. Act of October 24, 2018, P.L. 894, No. 146, §§ 2, 4. The legislature provided that this amendment "shall apply only to claims arising one year before the effective date of this section or thereafter." *Id.*, § 3. As discussed below, Appellant's claim arose on the date of Detective Sherwood's indictment in January 2018, which is less than one year prior to the effective date to the amendment altering the timeframe for bringing an untimely claim. Therefore, although Appellant's PCRA petition was filed before the amendment was enacted, the one-year period is applicable to his claim.

In his *pro se* PCRA petition, Appellant stated "[f]or the Court's information, the lead Detective on Petitioner's case was Margaret Sherwood . . . [and she] is currently facing a Grand Jury Indictment for . . . falsifying police reports." PCRA petition, 8/30/18, at 17 (unpaginated). Appellant further stated, "Detective Sherwood's pending investigation/indictment falls under the 'Newly Discovered Facts' exception to the PCRA timeliness exception." *Id*.

> PCRA counsel argues that
>
> the new facts on which his petition is based are the criminal charges against Detective Sherwood and the misconduct that the criminal charges brought to light. Those facts were unknown to [Appellant] until criminal charges were brought against Detective Sherwood in January 2018. Detective Sherwood was indicted for making false statements in two murder investigations occurring in 2014 and 2015. Detective Sherwood subsequently was convicted in August of 2019, while the instant PCRA petition was pending disposition.

No Merit Letter, at 35. PCRA counsel asserts that the PCRA petition was timely filed because Appellant filed the petition within one year of learning that criminal charges were filed against Detective Sherwood. *Id*., at 35-36.

We agree with PCRA counsel that Appellant's *pro se* PCRA petition is timely with regard to his claim based upon Detective Sherwood's indictment and subsequent conviction. Appellant raised the newly discovered fact timeliness exception in his *pro se* PCRA petition asserting this claim. The newly discovered fact upon which his claim is based is that Detective Sherwood was indicted in January 2018. Appellant could not have discovered the information about Detective Sherwood before his jury trial in August 2012

because the information was not made public until January 29, 2018, the unsealing date of the criminal complaint filed by the Pennsylvania Attorney General's office.[10] Until this date, the information was unknown to Appellant and could not have been ascertained by due diligence. Appellant filed his *pro se* PCRA petition asserting this claim on August 30, 2018. Therefore, Appellant filed his petition within one year of learning about the criminal charges against Detective Sherwood. Appellant satisfied the timeliness exception with regard to this claim. **See** 42 Pa.C.S. § 9545(b)(1)(ii).

Appellant asserts that he is eligible for relief under 42 Pa.C.S. § 9543(a)(2)(vi) based on the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced. No Merit Letter, at 37. Appellant asserted in his PCRA petition that

> it was by Detective Sherwood's coaching witnesses and refusing to investigate the real Murdered [sic] the [sic] [Appellant] was convicted of this heinous Crime (Detective Sherwood was reprimanded by the Judge for speaking to the witness on the stand during Petitioner's trial). Notwithstanding the fact that Emmanuel Robinson confessed to Detective Sherwood on two (2) separate occasions, turned himself in with the murder weapon, and lead the Commonwealth's private investigator on a walk-through of exactly how he committed the crime and escaped the police pursuit.

---

[10] **See Commonwealth v. Poindexter**, No. 100 WDA 2019, 2020 WL 900002, at *3 (Pa. Super. filed Jan. 6, 2020) (unpublished memorandum) (January 29, 2018 was the unsealing date of the criminal complaint filed by the Pennsylvania Attorney General's office against Detective Sherwood); **see also** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

PCRA petition, 8/30/18, ¶33. Appellant also argues that Detective Sherwood coached eyewitness Fannie Lauw. No Merit Letter, at 38.

No evidence of the facts underlying Detective Sherwood's convictions were presented to the PCRA court; however, this Court has previously reviewed cases involving allegations of Detective Sherwood's convictions and we have stated as follows.

> Detective Sherwood was convicted on evidence that she made false statements at trials regarding two murder investigations in 2014 and 2015, respectively. The false statements with which Detective Sherwood was charged concerned whether eyewitnesses to each murder had identified a particular individual and whether individuals who knew a suspect had identified him in photographs from the shooting.

*Commonwealth v. Kuhns*, No. 1750 WDA 2019, 2020 WL 7398736, at *3 (Pa. Super. filed December 17, 2020) (unpublished memorandum).

To prevail on an after-discovered evidence claim the convicted defendant must prove that:

> (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) this new evidence is not merely corroborative or cumulative of evidence that was admitted at trial; (3) the new evidence is not being used solely to impeach credibility; and (4) the new evidence would likely result in a different verdict.

*See Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018); *see also Commonwealth v. Johnson*, 179 A.3d 1105, 1123 (Pa. Super. 2018); *Commonwealth v. Griffin*, 137 A.3d 605, 608 (Pa. Super. 2016). "The test is conjunctive; the defendant must show by a preponderance of the evidence

that each of these factors has been met in order for a new trial to be warranted." **Commonwealth v. Padillas**, 997 A.2d 356, 363 (Pa. Super. 2010); **see also Small**, 189 A.3d at 972.

We conclude that Appellant's new evidence does not meet the requirements of after-discovered evidence because the evidence is only relevant to impeach Detective Sherwood's credibility and would not likely result in a new trial. First, the indictment and subsequent convictions would only be relevant to impeach Detective Sherwood's credibility. The conduct in the indictment and subsequent convictions occurred years after Appellant's conviction. Appellant was arrested on February 16, 2011 and convicted on August 23, 2012 and the events leading to Detective Sherwood's conviction occurred years later in 2014 and 2015. Second, the conduct in the indictment and the subsequent convictions are not based on conduct committed in Appellant's case. Therefore, the indictment and subsequent convictions would only be relevant to impeach Detective Sherwood's credibility. **See Johnson**, 179 A.3d at 1123.

This Court has ruled that evidence that is relevant only to impeach the credibility of a witness who testified at trial does not satisfy the requirement that "the evidence is not being used solely to impeach credibility." **See Griffin**, 137 A.3d at 610; **see also Johnson**, 179 A.3d at 1123 (affirming denial of PCRA after-discovered evidence claim based on criminal convictions of police detective who testified at defendant's trial and was involved in questioning a witness who identified the defendant, where convictions

- 12 -

occurred years after defendant's trial and arose out of conduct in an unrelated case would solely be used to impeach detective's credibility); ***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012) (affirming denial of PCRA after-discovered evidence claim based on criminal charges against police detective who testified at defendant's trial, where charges arose out of conduct in an unrelated case that occurred more than two years after defendant's trial because sole reason to introduce evidence is to impeach the detective's credibility.).

Moreover, Appellant has failed to show that the new evidence undermining Detective Sherwood's credibility would likely result in a different verdict. Appellant alleges that Detective Sherwood coached the eyewitness Ms. Lauw and failed to investigate Emmanuel Robinson as the real murderer even though he confessed. As stated above, the indictment and subsequent convictions are not based on Appellant's case and conduct alleged occurred two years after Appellant's conviction. Importantly, evidence of the indictment and subsequent convictions regarding Detective Sherwood would not affect the credibility of the other witnesses.

Detective Sherwood's testimony concerning eyewitness Ms. Lauw was corroborated by Detective James McGee. Detective McGee was the main witness at the motion to suppress hearing regarding Ms. Lauw.[11] Detective McGee testified that he showed Ms. Lauw a photo array shortly after the victim

---

[11] Prior to trial, Appellant filed a motion to suppress Ms. Lauw from making an in-court identification of Appellant. N.T., 8/20/12, at 8.

- 13 -

was murdered.  N.T., 8/20/12, at 10, 15-16.  Detective McGee testified that Ms. Lauw focused on Appellant's picture and asked if the Detective had a side profile picture.  *Id*., at 16.  Detective McGee did not have a side profile picture of Appellant and Ms. Lauw did not make an identification from the photo array that day.  *Id*. Detective McGee testified that Ms. Lauw called him over at the preliminary hearing and said she recognized Appellant as the person who shot the victim.  *Id*., at 18.

Detective Sherwood was also called as a witness at the motion to suppress hearing.  Detective Sherwood testified,

> I was approaching [Ms. Lauw] and Detective McGee was approaching her at the same time.  We were in two different areas of the courtroom.  As soon as we walked up to her, she pointed -- there is a partition when you walk from the bullpen from the sheriff's, there is a partition that comes up to shoulder level -- she was pointing to that partition stating that the man right over there is the one that I saw shoot that young man on Centre Avenue.

*Id*., at 37-38.

Appellant fails to show a nexus between his case and the indictment and subsequent convictions of Detective Sherwood.  *See Johnson,* 179 A.3d at 1123 (appellant argued proffered evidence of detective's conviction for covering up evidence in an unrelated homicide would lead to a different verdict because it would call into question detective's averments in affidavit of probable cause regarding Commonwealth witness who identified Appellant at his trial; this Court found Appellant did not show that the proffered evidence would lead to a different verdict because there was no evidence the detective

did anything inappropriate in this matter); **See Foreman,** 55 A.3d at 537-38 (appellant argued detective's criminal charges for perjury and theft for lying in an unrelated case calls into question chain of custody and evidence handling in his case regarding handgun recovered in his case; this Court concluded defendant failed to show any nexus between his case and detective's criminal charges which occurred 2 years after appellant's conviction); **See Commonwealth v. Soto**, 983 A.2d 212, 215 (Pa. Super. 2009) (appellants failed to show nexus between their drug cases and chemists' misconduct in lab for stealing pain pills, which occurred after appellants were convicted and, therefore, fails to establish new evidence would likely compel a different verdict.).

Additionally, evidence of the indictment and convictions regarding Detective Sherwood would not change Detective McGee's credibility as a witness.  As stated above, Detective McGee was the main witness regarding Ms. Lauw's subsequent identification of Appellant.  Ms. Lauw testified at trial regarding her initial failure to identify Appellant in a photo array, N.T., 8/21/22, at 270-272, her subsequent identification of Appellant at the preliminary hearing, *id*., at 272, and her subsequent statement that she witnessed Appellant shoot the victim, *id*., at 277-278.  Ms. Lauw also identified Appellant at trial as the person she saw shoot the victim.  **Id**. at 267.  The indictment and subsequent conviction of Detective Sherwood does not change her credibility.  **See Johnson**, 179 A.3d at 1123 (appellant could not show evidence would likely compel a different verdict where detective testified as a

- 15 -

minor witness to corroborate the principle testimony of another detective); **Commonwealth v. Rouse**, No. 709 WDA 2019, 2019 WL 5858067 at *4 (Pa. Super. filed Nov. 8, 2019) (unpublished memorandum) (concluding that even if Detective Sherwood's testimony were rejected by a jury, it would not affect the credibility of the eyewitness, would not negate the eyewitness's identification of the appellant or the appellant's fingerprint on the getaway vehicle). We find Appellant's argument fails to show that the evidence would likely result in a different verdict.

Appellant's argument that Detective Sherwood failed to investigate Emmanuel Robinson as the real murderer also fails. This Court previously stated the facts relevant to his issue as follows.

> Appellant attempted to avoid taking responsibility for [the victim's] death by persuading Emmanuel Robinson to turn himself in as the shooter. Robinson was a friend of both Appellant and [the victim], and was of limited cognitive ability. Appellant suggested that since Appellant was expecting a child with Robinson's aunt, and since Robinson did not have a criminal record, he could take responsibility for the shooting. [Ashley] Woessner [,Appellant's girlfriend at the time,] and Appellant drove Robinson to the building that housed the homicide office and told him to ask for Detective Sherwood. Robinson went into the homicide office and confessed to the shooting, but once it became apparent that he was not the shooter based on his limited ability and inability to answer basic questions about the shooting, Detective Sherwood had Robinson escorted home. Undeterred, Appellant directed Robinson to locate the murder weapon in the woods near the end of Breckenridge Street where he had discarded it. Woessner drove Robinson to that location the following morning and Robinson retrieved the shotgun. Woessner later drove Robinson to the homicide office and waited outside with the headlights shining into the lobby so she could update Appellant while Robinson went inside with the shotgun. Once inside, Robinson notified the front desk that he was there to

- 16 -

confess to a murder and laid down on the ground with his limbs outstretched so detectives could retrieve the shotgun. Detectives escorted Robinson inside and Woessner drove away. Once inside, Robinson told Detective Sherwood that Appellant sent him there. Robinson was arrested and charged with firearms violation. Upset that homicide charges had not been brought against Robinson, Appellant sent Woessner to police headquarters the following day to say that Robinson was the killer. However, once she arrived there and was interrogated by detectives, Woessner told them that Robinson was setup by Appellant to confess to a crime that Robinson did not commit.

*Smith*, 2014 WL 10790088 at *2 (record citations omitted).

First, the record demonstrates that Detective Sherwood did investigate Emmanuel Robinson. *See id*. Next, Appellant fails to show a nexus between the conduct in the indictment and subsequent convictions and in his case. Appellant's allegation that Detective Sherwood failed to investigate Emmanuel Robinson does not constitute a nexus. *See Johnson,* 179 A.3d at 1123; *Foreman,* 55 A.3d at 537-38; *Soto*, 983 A.2d at 215. Lastly, the indictment and subsequent conviction of Detective Sherwood would not negate the testimony of Emmanuel Robinson nor Ashley Woessner, both of whom testified that it was Appellant's idea to have Emmanuel Robinson confess to the murder. *Smith*, 2014 WL 10790088, at *2. Even if Detective Sherwood's testimony were rejected by a jury, it would not affect the credibility of the other witnesses. *See Johnson*, 179 A.3d at 1123; *Rouse*, 2019 WL 5858067, at *4. For these reasons, we agree with counsel that Appellant's claim of after-discovered evidence is without merit.

Appellant next raised after-discovered evidence claims regarding the failure of the trial court to grant him a continuance to locate witness Marlow

Jernigan and to provide him with additional money for a private investigator.[12] However, Appellant does not plead any exception to the one year time bar pertaining to these claims. Therefore, these claims are untimely. *See* 42 Pa.C.S. § 9545(b)(1).

We find the PCRA court did not err in denying Appellant's PCRA petition. *See Andrews*, 158 A.3d at 1263.[13] As we agree that Appellant is not entitled to relief, we also grant PCRA counsel's petition to withdraw.

Order affirmed. Motion to Correct Error granted. Motion to Withdraw as Counsel granted. Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2022

---

[12] We note that PCRA counsel discussed these claims under after-discovered evidence and Appellant discussed them under ineffective assistance of counsel, however, the result is the same.

[13] Although the PCRA court dismissed Appellant's PCRA petition for lack of jurisdiction, we can affirm on any basis. *Commonwealth v. Hutchins*, 760 A.2d 50, 55 (Pa. Super. 2000).